UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
KEVIN RAZZOLI,                  :
                                :    Civil Action No. 11-7227 (JBS)
            Petitioner,         :
                                :
       v.                       :    MEMORANDUM OPINION
                                :
U.S. PAROLE COMM'N, et al.,     :
                                :
            Respondents.        :
```

**APPEARANCES:**

Petitioner pro se
Kevin Razzoli
F.C.I. Fairton
Fairton, NJ 08320

**SIMANDLE**, Chief Judge

Petitioner Kevin Razzoli, a prisoner confined at the Federal Correctional Institution at Fairton, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The Petition is unintelligible as to the grounds for Petitioner's challenge to his confinement.[1]

---

[1] Petitioner was convicted of attempted murder and attempted kidnapping following a Navy court martial and was sentenced to a twenty-five year term of imprisonment in 1987. See Razzoli v. Sullivan, No. 94-55645, 1995 WL 77569, at *1 (9th Cir. 1995) (affirming district court denial of Petitioner's writ of habeas corpus challenging his 1987 military conviction). Petitioner challenged the conviction by writ of habeas corpus. The Court of Appeals for the Ninth Circuit affirmed the district court's denial of the habeas petition. Id. Petitioner was subsequently transferred into the Federal Bureau of Prisons. He has been granted parole on multiple occasions, but his parole has been revoked repeatedly. See Razzoli v. U.S. Navy, 248 Fed.Appx. 473 (3d Cir. 2007). It appears from an attachment to his current Petition that Petitioner is presently confined pursuant to yet

Petitioner neither prepaid the $5.00 filing fee for a habeas petition nor submitted an application for leave to proceed in forma pauperis. Instead, Petitioner attached to the Petition a copy of a request for withdrawal of $1 from his inmate account. The Court has not received any payment.

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on

---

another revocation of parole.

A review of the federal courts' PACER Case Locator service reveals that Petitioner is a serial filer of habeas corpus petitions in several federal courts. Some of his litigation history was summarized in Razzoli v. U.S. Parole Commission, No. 10-cv-1842, 210 WL 4622178, at *1-3 (E.D.N.Y. Nov. 5, 2010). He also has filed over twenty civil rights lawsuits against federal law enforcement agencies and officers since his military conviction for attempted murder in 1987. See, e.g., Razzoli v. City of New York, 08-cv-4586 (S.D.N.Y.), Order of Dismissal, dated May 19, 2008, at 7-8 (noting that this was the plaintiff's fourth complaint since February 2005, the judge stated: "I hereby warn plaintiff that the further filing of non-meritorious cases may result in the issuance of an Order barring plaintiff from filing any further actions without prior leave of the Court.").

deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.  Petitioner will be granted leave to move to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.  In addition, any request to re-open must be accompanied by an amended petition clearly stating the grounds for his challenges to his present confinement.

An appropriate Order will be entered.

  s/ Jerome B. Simandle
Jerome B. Simandle
Chief Judge
United States District Court

Dated: **January 10, 2012**