**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN RAZZOLI, | : | |
| | : | Civil Action No. 11-7227 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| US PAROLE COM'N, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Kevin Razzoli
F.C.I. Fairton
Fairton, NJ 08320

**SIMANDLE,** Chief Judge

    Petitioner Kevin Razzoli, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed <u>in forma</u>

---

    [1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

pauperis.[2]  The respondents are the U.S. Parole Commission, the Secretary of the U.S. Navy, the Executive Office of the U.S. Marshals, and the Warden of the Federal Correctional Institution at Fairton, New Jersey.[3]

## I.  BACKGROUND

Petitioner was convicted of attempted murder and attempted kidnapping following a Navy court martial and was sentenced to a twenty-five year term of imprisonment in 1987.  See Razzoli v. Sullivan, No. 94-55645, 1995 WL 77569, at *1 (9th Cir. 1995) (affirming district court denial of Petitioner's writ of habeas corpus challenging his 1987 military conviction).  Petitioner challenged the conviction by writ of habeas corpus.  The Court of Appeals for the Ninth Circuit affirmed the district court's denial of the habeas petition.  Id.  Petitioner was subsequently transferred into the Federal Bureau of Prisons.  He has been granted parole on multiple occasions, but his parole has been

_____

[2] This Court previously administratively terminated this matter because Petitioner neither prepaid the filing fee nor submitted an application for leave to proceed in forma pauperis. Petitioner has now submitted a complete application for leave to proceed in forma pauperis.  Accordingly, this Court will re-open this matter and grant Petitioner leave to proceed in forma pauperis.

[3] As the only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held, this Petition will be dismissed without prejudice as to all Respondents except the Warden of the Federal Correctional Institution at Fairton.  See Rumsfeld v. Padilla, 542 U.S. 426 (2004).

revoked repeatedly.  See Razzoli v. U.S. Navy, 248 Fed.Appx. 473 (3d Cir. 2007).  It appears from an attachment to his current Petition that Petitioner is presently confined pursuant to yet another revocation of parole.

Unfortunately, Petitioner's Petition and brief in support are largely unintelligible.  In its previous Memorandum Opinion and Order, this Court ordered Petitioner to accompany any application to re-open this matter with an amended petition clearly setting forth his claims for relief.  Petitioner has failed to submit an amended petition.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

3

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399
U.S. 912 (1970).  Nevertheless, a federal district court can
dismiss a habeas corpus petition if it appears from the face of
the petition that the petitioner is not entitled to relief.  See
Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).
See also 28 U.S.C. §§ 2243, 2255.

III.  ANALYSIS

As noted above, the Petition is largely unintelligible.
Nevertheless, it appears under any conceivable construction of
the Petition that Petitioner failed to exhaust his administrative
remedies before coming to this Court.

Although 28 U.S.C. § 2241 contains no statutory exhaustion
requirement, a federal prisoner ordinarily may not bring a
petition for writ of habeas corpus under 28 U.S.C. § 2241,
challenging the execution of his sentence, until he has exhausted
all available administrative remedies.  See, e.g., Callwood v.
Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States
Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v.
Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion
doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a
> factual record and apply its expertise facilitates
> judicial review; (2) permitting agencies to grant the
> relief requested conserves judicial resources; and (3)
> providing agencies the opportunity to correct their own
> errors fosters administrative autonomy.

4

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

    In his original Petition, Petitioner asserts that he is an "old law" prisoner[4] and that he is illegally detained in violation of the Ex Post Facto clause of the Constitution, citing to Lyons v. Mendez, 303 F.3d 285 (3d Cir. 2002).

    Petitioner attached to the Petition a copy of the October 7, 2011, U.S. Parole Commission "Notice of Action," memorializing the Hearing Officer's decision to revoke Petitioner's parole,

---

    [4] This Court agrees.  In Razzoli v. FCI Allenwood, 200 Fed.Appx. 166 (3d Cir. 2006), the Court of Appeals for the Third Circuit determined that Petitioner committed his offense on October 15, 1986, as a result of which his parole claims are governed by the "old" parole law.

refusing to give Petitioner credit against his sentence for the street time between December 19, 2009 and March 3, 2011, and setting a re-parole date effective December 3, 2011.  More specifically, the "Notice of Action" states:

> Revoke Parole.  No credit on the sentence shall be given for the period beginning December 19, 2009 and ending March 3, 2011.  Re-parole effective December 3, 2011 after the service of 21 months.
>
> As of 9/3/2011, you have been in confinement as a result of your violation behavior for a total of 18 month(s).  <u>Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release.  After review of all relevant factors and information, a decision above the guidelines is warranted</u> because you have been in custody for approximately 18 months at the time of your hearing.  Additional time is needed for release planning purposes.

(emphasis added).[5]

In <u>Lyons</u>, the Court of Appeals considered the authority of the Parole Commission to set parole dates outside the guidelines

---

[5] The Court notes that the Petition is dated December 2, 2011, and that Petitioner's subsequent filings indicate that he is confined after the December 3, 2011, re-parole date.  In light of Petitioner's history of repeated paroles and revocations, it is not apparent whether Petitioner has been continuously confined beyond the December 3, 2011, date, or whether he was paroled and has become re-confined, or whether he committed some act in prison that caused his re-parole date to be reset.  In any event, as the Petition is dated <u>before</u> Petitioner's re-parole date, and as he has failed to submit an amended Petition asserting that he has been confined beyond his re-parole date for some unlawful reason, this Court does not construe, and will not re-write, the Petition as asserting that he was not released timely.  The dismissal of this Petition is without prejudice to Petitioner filing a new Petition, following exhaustion of administrative remedies, to the extent he has been unlawfully detained beyond his release date.

range under Section 235(b)(3) of the Sentencing Reform Act, as amended in 1987.  The Court held that individuals who committed crimes between the enactment of the SRA in 1984 and the amendment of Section 235(b)(3) in 1987 are entitled to a parole release date within the guideline range.  By his citation to <u>Lyons</u>, therefore, it appears that Petitioner (who committed his crime in 1986) seeks to challenge the Hearing Officer's decision to impose a re-parole date outside the guideline range.

In addition, however, Petitioner attached to the Petition his November 16, 2011, Notice of Appeal to the U.S. Parole Commission challenging the Notice of Action.  Petitioner failed to attach any decision of the Parole Commission resolving that appeal.  It appears unlikely that the administrative appeal would have been resolved before December 2, 2011, the date of the Petition.  As it appears that Petitioner did not exhaust his administrative remedies before filing this Petition, and as there is no reason on the basis of the information before this Court to conclude that exhaustion would have been futile, this Court lacks jurisdiction to adjudicate any challenge to the Hearing Officer's Notice of Action.  <u>See</u> <u>Hegney v. Hogsten</u>, 318 Fed.Appx. 60 (3d Cir. 2008) (citing <u>Jones v. Bock</u>, 549 U.S. 199 (2007)).

### III.  <u>CONCLUSION</u>

For the reasons set forth above, this action will be re-opened, Petitioner will be granted leave to proceed <u>in forma</u>

pauperis, and the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.


                                          s/ Jerome B. Simandle
                                         Jerome B. Simandle
                                         Chief Judge
                                         United States District Court

Dated:  **November 2, 2012**