NOT FOR PUBLICATION

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

KEVIN RAZZOLI,                   :     CIV. NO. 11-7227 (RMB)
                                 :
            Petitioner           :
    v.                           :          **OPINION**
                                 :
                                 :
U.S. PAROLE COM'N, *et al.*,     :
                                 :
            Respondents          :
_____

BUMB, United States District Judge

Pro Se Petitioner Kevin Razzoli, who was incarcerated in the Federal Correctional Institution in Fairton, New Jersey when he filed this action in December 2011, seeks to reopen his petition for writ of habeas under 28 U.S.C. § 2241, seeking a hearing on his claim of illegal detention based on a U.S. Navy sentence. Petitioner, however, indicates that he is no longer incarcerated. (Mot. to Reopen, Dkt. No. 11 at 2.)

On November 5, 2012, the late Honorable Jerome B. Simandle construed the habeas petition as a challenge to Petitioner's revocation of parole and dismissed the petition as unexhausted, and for lack of jurisdiction to adjudicate a challenge to the Hearing Officer's Notice of Action. (Opinion, Dkt. No. 8 at 7; Order, Dkt. No. 9.) Petitioner, in his motion to reopen, alleges that Judge Simandle's ruling was based on false and misleading information, citing to the footnote on page 5 of the opinion, the date of November 2, 2012, and "other information" that Petitioner

did not identify. (Mot. to Reopen, Dkt. No. 11 at 1.) November 2, 2012 is the date the opinion was signed by Judge Simandle. In the footnote on page 5 of the opinion, Judge Simandle stated that:

> This Court agrees [with Petitioner's assertion in his original petition that he was an "old law prisoner.] In Razzoli v. FCI Allenwood, 200 Fed. Appx. 166 (3d Cir. 2006), the Court of Appeals for the Third Circuit determined that Petitioner committed his offense on October 15, 1986, as a result of which his parole claims are governed by the "old" parole law.

It is unclear what Petitioner is challenging, and, more importantly, what relief he seeks by reopening the petition now that he is no longer incarcerated.

The case or controversy requirement of Article III, § 2 of the Constitution requires that throughout the litigation a petitioner "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis at 477. In Spencer, the Supreme Court "decline[d] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation." Id. at 14. The Court rejected each basis offered by the petitioner to show collateral consequences, and found that the petition for writ of habeas corpus was moot because there was nothing for the Court to remedy. Id. at 18 ("We are not in the business of

pronouncing that past actions which have no demonstrable continuing effect were right or wrong.")

    Here, Petitioner is no longer incarcerated, and his motion to reopen does not describe any collateral consequences arising from the revocation of his parole with respect to the October 7, 2011, U.S. Parole Commission "Notice of Action" attached to his original petition. Therefore, the Court will deny Petitioner's motion to reopen without prejudice because the petition is moot.

An appropriate Order follows.

Date:  February 2, 2022

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**